# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| **Appeal No. & Caption** | 24-1650, Appalachian Voices et al. v. FERC |
|---|---|
| **Originating No. & Caption** | |
| **Originating Court/Agency** | Federal Energy Regulatory Commission |

| **Jurisdiction** (answer any that apply) | |
|---|---|
| Statute establishing jurisdiction in Court of Appeals | 16 USC § 825l(b) |
| Time allowed for filing in Court of Appeals | 60 days. 16 USC § 825l(b) |
| Date of entry of order or judgment appealed | May 13, 2024; July 15, 2024 |
| Date notice of appeal or petition for review filed | July 16, 2024 |
| If cross appeal, date first appeal filed | |
| Date of filing any post-judgment motion | |
| Date order entered disposing of any post-judgment motion | |
| Date of filing any motion to extend appeal period | |
| Time for filing appeal extended to | |
| Is appeal from final judgment or order? | ☉ Yes        ○ No |
| If appeal is not from final judgment, why is order appealable? | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ☉ No |

1/28/2020 SCC

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | ◉ No |
| Has transcript been filed in district court? | ○ Yes | ◉ No |
| Is transcript order attached? | ○ Yes | ◉ No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | | |
| Case number of any pending appeal in same case | | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ◉ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ◉ Yes | ○ No |
| Does case involve question of first impression? | ◉ Yes | ○ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ◉ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

| **Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| Petitioners seek review of the Federal Energy Regulatory Commission's (FERC) Order No. 1920, which establishes procedural requirements for public utilities to conduct long-term regional transmission planning and develop associated cost allocation mechanisms.<br><br>Petitioners are non-profit member organizations dedicated to expanding and diversifying access to affordable renewable energy in the Southeast.  Petitioner North Carolina Sustainable Energy Association's membership is composed of renewable energy developers and corporations with clean energy goals, among others.  Petitioners Appalachian Voices, Energy Alabama, Southern Alliance for Clean Energy, and South Carolina Coastal Conservation League are largely comprised of residential ratepayer members.  All Petitioners engage, on behalf of their members, in state-level regulatory proceedings and transmission planning forums in order to expand opportunities for more affordable clean energy resources.<br><br>Petitioners challenge various aspects of Order No. 1920 as insufficient to remedy the unjust, unreasonable, and unduly discriminatory practices and resulting rates that FERC identified in Order No. 1920, as required by Section 206 of the Federal Power Act. 16 USC § 824e. |

| **Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary) |
|---|
| FERC's decision to expand the required transmission planning cycle from three years to five years lacked support in the record, bears no rational connection to FERC's findings of fact, and was arbitrary and capricious given the urgency of the issues Order No. 1920 sought to address.<br><br>FERC's decision in Order No. 1920 to exclude certain benefit metrics from mandatory consideration, including access to lower cost generation and increased competition, is not supported in the record and will fail to establish just and reasonable rates for transmission and wholesale electricity.<br><br>FERC failed to enage meaningfully with the record and acted arbirarily and capriciously when it did not include energy storage resources in the list of alternative transmission technologies that transmission providers must consider in Order No. 1920's Long-Term Regional Transmission Planning.<br><br>FERC failed to enage meaningfully with the record and acted arbirarily and capriciously when it did not require that transmission providers use a portfolio approach when evaluating the benefits of long-term regional transmission facilities. |

| **Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.) ||
|---|---|
| Adverse Party: Federal Energy Regulatory Commission<br>Attorney: Robert Solomon<br>Address:<br><br>E-mail: robert.solomon@ferc.gov<br>Phone: 202-502-8257 | Adverse Party:<br>Attorney:<br>Address:<br><br>E-mail:<br>Phone: |
| **Adverse Parties (continued)** ||
| Adverse Party:<br><br>Attorney:<br>Address:<br><br>E-mail:<br>Phone: | Adverse Party:<br><br>Attorney:<br>Address:<br><br>E-mail:<br>Phone: |

| **Appellant** (Attach additional page if necessary.) ||
|---|---|
| Name: Appalachian Voices<br><br>Attorney: Kimberley Hunter<br>Address:<br><br><br><br>E-mail: kmeyer@selcnc.org<br><br>Phone: 919-967-1450 | Name: North Carolina Sustainable Energy Association (NCSEA)<br><br>Attorney: Kimberley Hunter<br>Address:<br><br><br><br>E-mail: kmeyer@selcnc.org<br><br>Phone: 919-967-1450 |
| **Appellant (continued)** ||
| Name: Southern Alliance for Clean Energy (SACE)<br><br>Attorney: Kimberley Hunter<br>Address:<br><br><br><br>E-mail: kmeyer@selcnc.org<br><br>Phone: 919-967-1450 | Name: South Carolina Coastal Conservation League (CCL)<br><br>Attorney: Kimberley Hunter<br>Address:<br><br><br><br>E-mail: kmeyer@selcnc.org<br><br>Phone: 919-967-1450 |

**Signature:** /s/ Kimberley Hunter          **Date:** July 26, 2024

**Counsel for:** Appalachian Voices, Energy Alabama, NCSEA, SACE, CCL

**Certificate of Service** *(required for parties served outside CM/ECF)*: I certify that this document was served on _____ by ☐ personal delivery; ☐ mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown:

| | |
|---|---|
| | |

Signature:                                      Date:

| **Appellant** (Attach additional page if necessary.) | |
|---|---|
| Name: Energy Alabama<br><br>Attorney: Kimberley Hunter<br>Address:<br><br><br><br>E-mail: kmeyer@selcnc.org<br><br>Phone: 919-967-1450 | |