# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

|  |  |  |
|---|---|---|
| Appalachian Voices., *et al.* | ) ) ) | |
| *Petitioner* | ) ) ) | |
| v. | ) ) | Case No. 24-1650 |
| Federal Energy Regulatory Commission | ) ) ) | |
| *Respondent.* | ) ) ) | |

**MOTION FOR LEAVE TO INTERVENE OF DUKE ENERGY BUSINESS SERVICES LLC, DUKE ENERGY OHIO, INC., DUKE ENERGY KENTUCKY, INC., DUKE ENERGY CAROLINAS, LLC, DUKE ENERGY PROGRESS, LLC, AND DUKE ENERGY FLORIDA, LLC**

Duke Energy Business Services LLC, Duke Energy Ohio, Inc. ("Duke Energy Ohio"), Duke Energy Kentucky, Inc. ("Duke Energy Kentucky"), Duke Energy Carolinas, LLC ("Duke Energy Carolinas"), Duke Energy Progress, LLC ("Duke Energy Progress"), and Duke Energy Florida, LLC ("Duke Energy Florida") (collectively, "Duke Energy"), pursuant to Rules 15(d) and 27 of the Federal Rules of Appellate Procedures ("FRAP") and Rule 15(b) and 27 of the Circuit Rules of this Court, move to intervene in the above-captioned case.

1

## SUBJECT OF THE PROCEEDING

On July 16, 2024, Appalachian Voices, Energy Alabama, North Carolina Sustainable Energy Association, Southern Alliance for Clean Energy, and South Carolina Coastal Conservation League (together, "Petitioners") filed the above-captioned petition seeking review of the following order and notice issued by the Federal Energy Regulatory Commission:

- *Building for the Future Through Electric Regional Transmission Planning and Cost Allocation*, Order No. 1920, Docket No. RM21-17-000, 187 FERC ¶ 61,068 (May 13, 2024) ("Order No. 1920")

- *Building for the Future Through Electric Regional Transmission Planning and Cost Allocation*, Notice of Denial of Rehearing by Operation of Law and Providing for Further Consideration, Docket No. RM21-17-001, 188 FERC ¶ 62,025 (July 15, 2024) ("Rehearing Denial Notice").

The order and notice as to which review is sought adopt a new rule addressing how transmission providers must conduct long-term planning for regional transmission facilities and how to allocate costs for long-term regional transmission facilities. On August 8, 2024, the United States Judicial Panel on Multidistrict Litigation issued a Consolidation Order designating this Court as the circuit court of appeals for several other Petitions for Review of Order No. 1920.

## STATEMENT OF INTEREST

Duke Energy has a direct and substantial interest in the Court's review of these orders. Duke Energy Ohio, Duke Energy Kentucky, Duke Energy Carolinas, Duke Energy Progress, and Duke Energy Florida each provides electric

2

transmission service and owns and plans transmission facilities directly affected by the requirements of Order No. 1920. Duke Energy also serves customers that will be directly affected by the planning process and cost allocation requirements of Order No. 1920. Duke Energy was an active participate in the agency rulemaking proceeding that resulted in the orders under review.

## **GROUNDS FOR INTERVENTION**

Duke Energy's motion to intervene is timely because, consistent with FRAP Rule 15(d), it has been filed within thirty days after the Petition for Review in Case No. 24-1650. Duke Energy's interests in this proceeding are both direct and unique to Duke Energy. No other party can adequately represent Duke Energy's interests with respect the impact of this proceeding on Duke Energy's transmission facilities, planning processes, and allocation of transmission costs. Pursuant to Local Rule 26.1, Duke Energy is simultaneously filing a corporate disclosure statement for each company seeking intervention.

3

## CONCLUSION

For the reasons stated above, this Court should permit Duke Energy to intervene in the above-captioned case and Duke Energy respectfully requests the Court to grant this motion to intervene.

Respectfully submitted,

　_/s/ Molly Suda_

MOLLY SUDA
Associate General Counsel
Duke Energy Corporation
1301 Pennsylvania Ave NW, Suite 200
Washington, DC 20004
(202) 824-8011
molly.suda@duke-energy.com

Counsel for Duke Energy

4

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

|  |  |  |
|---|---|---|
| Appalachian Voices., *et al.* | ) ) ) | |
| *Petitioner* | ) ) ) | |
| v. | ) ) | Case No. 24-1650 |
| Federal Energy Regulatory Commission | ) ) ) ) | |
| *Respondent.* | ) ) | |

**CORPORATE DISCLOSURE STATEMENT OF
DUKE ENERGY BUSINESS SERVICES LLC, DUKE ENERGY OHIO,
INC., DUKE ENERGY KENTUCKY, INC., DUKE ENERGY CAROLINAS,
LLC, DUKE ENERGY PROGRESS, LLC, AND DUKE ENERGY
FLORIDA, LLC**

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure and Rules 26.1 of the Circuit Rules of this Court, intervenors Duke Energy Business Services LLC ("DEBS"), Duke Energy Ohio, Inc. ("Duke Energy Ohio"), Duke Energy Kentucky, Inc. ("Duke Energy Kentucky"), Duke Energy Carolinas, LLC ("Duke Energy Carolinas"), Duke Energy Progress, LLC ("Duke Energy Progress"), and Duke Energy Florida, LLC ("Duke Energy Florida") (collectively, "Duke Energy"), (collectively, "Duke Energy") provide the following:

DEBS certifies that it is a Delaware limited liability company. DEBS is a direct, wholly owned subsidiary of Duke Energy Corporate Services, Inc., which is a direct, wholly owned subsidiary of Duke Energy Corporation (NYSE: DUK).

1

Duke Energy Kentucky certifies that it is a non-governmental corporation organized and existing under the laws of Kentucky. Duke Energy Kentucky is a direct, wholly owned subsidiary of Duke Energy Ohio. Duke Energy Ohio certifies that it is a non-governmental corporation organized and existing under the laws of Ohio. Duke Energy Ohio is a direct, wholly owned subsidiary of Cinergy Corp. Cinergy Corp. is a direct, wholly owned subsidiary of Duke Energy Corporation.

Duke Energy Carolinas certifies that it is a non-governmental limited liability company organized and existing under the laws of North Carolina. Duke Energy Carolinas is a direct, wholly owned subsidiary of Duke Energy Corporation.

Duke Energy Florida certifies that it is a non-governmental limited liability company organized and existing under the laws of Florida. Duke Energy Florida is a direct, wholly owned subsidiary of Florida Progress, LLC. Florida Progress, LLC is a direct, wholly owned subsidiary of Progress Energy, Inc.

Duke Energy Progress certifies that it is a non-governmental limited liability company organized and existing under the laws of North Carolina. Duke Energy Progress is also a direct, wholly owned subsidiary of Progress Energy, Inc. Progress Energy, Inc. is a direct, wholly owned subsidiary of Duke Energy Corporation.

Duke Energy Corporation is publicly traded on the New York Stock Exchange. There is no company that has a 10 percent or greater ownership interest in Duke Energy Corporation.

Respectfully submitted,

　_/s/ Molly Suda_　

MOLLY SUDA
Associate General Counsel
Duke Energy Corporation
1301 Pennsylvania Ave NW, Suite 200
Washington, DC 20004
(202) 824-8011
molly.suda@duke-energy.com

Counsel for Duke Energy

3

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| Appalachian Voices., *et al.* | ) ) ) |
| *Petitioner* | ) ) ) |
| v. | ) Case No. 24-1650 |
| Federal Energy Regulatory Commission | ) ) ) |
| *Respondent.* | ) ) |

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Appellate Procedure, I hereby certify that I have this 14th day of August 2024 served the foregoing Motion for Leave to Intervene and Corporate Disclosure Statement of Duke Energy Business Services LLC, Duke Energy Ohio, Inc., Duke Energy Kentucky, Inc., Duke Energy Carolinas, LLC, Duke Energy Progress, LLC, and Duke Energy Florida, LLC via the CM/ECF system.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

  /s/ Molly Suda
MOLLY SUDA
Associate General Counsel
Duke Energy Corporation
1301 Pennsylvania Ave NW, Suite 200
Washington, DC 20004
(202) 824-8011
molly.suda@duke-energy.com
Counsel for Duke Energy

1