**IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

| | |
|---|---|
| Appalachian Voices, *et al.* | |
| *Petitioners,* | Nos.    24-1650; |
| | 24-1748; |
| v. | 24-1758; |
| | 24-1751; |
| Federal Energy Regulatory Commission, | 24-1756; & |
| | 24-1760 |
| | (consol.) |
| *Respondent.* | |

**UNOPPOSED MOTION OF
THE FIRSTENERGY TRANSMISSION COMPANIES
FOR LEAVE TO INTERVENE**

Pursuant to Federal Rules of Appellate Procedure 15(d) and 27, and

Fourth Circuit Rule 27(a), American Transmission Systems,

Incorporated, Jersey Central Power & Light Company, Mid-Atlantic

Interstate Transmission LLC, Keystone Appalachian Transmission

Company, Trans-Allegheny Interstate Line Company, The Potomac

Edison Company and Monongahela Power Company (collectively, the

"FirstEnergy Transmission Companies") move to intervene in the above-

listed consolidated cases. Pursuant to Fourth Circuit Rule 27(a), counsel

for the existing parties to these cases have been informed of the intended

filing of the motion. Counsel for the respondents consent to this motion;

counsel for the petitioners in Nos. 24-1650, 24-1748, and 24-1751 do not

oppose the motion, and counsel for the petitioners in Nos. 24-1756, 24-

1758, and 24-1760 take no position on the motion.[1]

The FirstEnergy Transmission Companies are direct and indirect

subsidiaries of FirstEnergy Corp., a holding company engaged, through

its subsidiaries, in the generation, transmission and distribution of

power throughout the eastern portion of the United States.

Petitioners in these consolidated cases seek review of two orders of

the Commission in FERC Docket Nos. RM21-17-000, *et al.*

    a.    *Building for the Future Through Electric Regional Transmission Planning and Cost Allocation*, Order No. 1920, Docket No. RM21-17-000, 187 FERC ¶ 61,068 (May 13, 2024) (Order No. 1920); and

    b.    *Building for the Future Through Electric Regional Transmission Planning and Cost Allocation*, Notice of Denial of Rehearing by Operation of Law and Providing for Further Consideration, Docket No. RM21-17-001, 188 FERC ¶ 62,025 (July 15, 2024) (Rehearing Denial Notice).

The orders from which Petitioners seek review concern a final rule

adopted by FERC that primarily addresses requirements for long-term

---

[1] The FirstEnergy Companies have moved, or will separately move, to intervene in the cases pending in other circuits that will, pursuant to the Judicial Panel on Multidistrict Litigaiton, be transferred to the Fourth Circuit in due course.

transmission planning, and the allocation of the costs of facilities selected in that process.

The FirstEnergy Transmission Companies participated in the underlying administrative proceedings before the Commission. They own transmission facilities within the PJM region, have surrendered operational control of these facilities to PJM, and provide access to these facilities through the PJM Open Access Transmission Tariff. They are signatories to the PJM Operating Agreement and PJM Consolidated Transmission Owners Agreement.   With the exception of American Transmission Systems, Inc., Mid-Atlantic Interstate Transmission LLC, and Keystone Appalachian Transmission Company, they also are load-serving entities in PJM. Load-serving entities take transmission service over facilities under PJM's operational control in accordance with the rates and terms of the PJM Open Access Transmission Tariff.

As transmission owners and market participants in PJM, the FirstEnergy Transmission Companies would be directly affected by any decision in this case. The outcome of this proceeding will affect the costs that the Companies and their customers may incur.

No other party will adequately represent the FirstEnergy

Transmission Companies' interests. This motion to intervene is timely, and it will not delay the proceedings in this case or cause prejudice to any party. As required by Federal Rule of Appellate Procedure 26.1 and Local Rules 26.1 and 27(c), a Corporate Disclosure for the FirstEnergy Transmission Companies is attached to this pleading.

Accordingly, the FirstEnergy Transmission Companies respectfully request that this Court grant them leave to intervene in this proceeding.

Respectfully submitted,

*/s/ David M. Gossett*

Morgan E. Parke
*Associate General Counsel*
Evan K. Dean
*Senior Corporate Counsel*
Amanda P. Parker
*FERC Attorney*
FIRSTENERGY SERVICE COMPANY
76 South Main Street A-GO-15
Akron, OH 44308
(330) 384-4595
mparke@firstenergycorp.com
edean@firstenergycorp.com
aparker@firstenergycorp.com

David M. Gossett
Michael Kunselman
DAVIS WRIGHT TREMAINE LLP
1301 K Street, NW
Suite 500 East
Washington, DC 20005
(202) 973-4200
davidgossett@dwt.com
michaelkunselman@dwt.com

MaryAnn T. Almeida
DAVIS WRIGHT TREMAINE LLP
920 Fifth Ave., Suite 3300
Seattle, WA 98104
(206) 622-3150
maryannalmeida@dwt.com

*Attorneys for the FirstEnergy Transmission Companies*

Dated: August 14, 2024

4

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

**DISCLOSURE STATEMENT**

- In civil, agency, bankruptcy, and mandamus cases, a disclosure statement must be filed by **all** parties, with the following exceptions: (1) the United States is not required to file a disclosure statement; (2) an indigent party is not required to file a disclosure statement; and (3) a state or local government is not required to file a disclosure statement in pro se cases. (All parties to the action in the district court are considered parties to a mandamus case.)
- In criminal and post-conviction cases, a corporate defendant must file a disclosure statement.
- In criminal cases, the United States must file a disclosure statement if there was an organizational victim of the alleged criminal activity. (See question 7.)
- Any corporate amicus curiae must file a disclosure statement.
- Counsel has a continuing duty to update the disclosure statement.


No. _____       Caption: _____

Pursuant to FRAP 26.1 and Local Rule 26.1,

_____

(name of party/amicus)


_____

 who is _____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)


1.      Is party/amicus a publicly held corporation or other publicly held entity?      YES      NO


2.      Does party/amicus have any parent corporations?                            YES      NO
        If yes, identify all parent corporations, including all generations of parent corporations:


3.      Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or
        other publicly held entity?                                          YES      NO
        If yes, identify all such owners:


12/01/2019 SCC                          - 1 -

4.      Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation?                              YES    NO
If yes, identify entity and nature of interest:

5.      Is party a trade association? (amici curiae do not complete this question)        YES    NO
If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.      Does this case arise out of a bankruptcy proceeding?                              YES    NO
If yes, the debtor, the trustee, or the appellant (if neither the debtor nor the trustee is a party) must list (1) the members of any creditors' committee, (2) each debtor (if not in the caption), and (3) if a debtor is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of the debtor.

7.      Is this a criminal case in which there was an organizational victim?              YES    NO
If yes, the United States, absent good cause shown, must list (1) each organizational victim of the criminal activity and (2) if an organizational victim is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of victim, to the extent that information can be obtained through due diligence.

Signature: _____        Date: _____

Counsel for: _____