# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

| | | |
|---|---|---|
| In Re: Federal Energy Regulatory Commission, Building For The Future Through Electric Regional Transmission Planning And Cost Allocation, 187 FERC 61,068 Issued May 13, 2024, And Denial Of Rehearing By Operation Of Law And Providing For Further Consideration, 188 FERC 62,025 July 15, 2024 | ) ) ) ) ) ) ) ) ) ) ) ) ) | MCP No. 190 |
| Appalachian Voices, | | |
| *Petitioner*, | | |
| v. | | Case No. 24-1650 |
| Federal Energy Regulatory Commission, | | |
| *Respondent*. | | |

### MOTION OF PPL ELECTRIC UTILITIES CORPORATION
### FOR LEAVE TO INTERVENE ON BEHALF OF RESPONDENT

Pursuant to Rules 15(d) and 27 the Federal Rules of Appellate Procedure, and Circuit Rules 15(b) and 27 of the United States Court of Appeals for the Fourth Circuit, PPL Electric Utilities Corporation ("PPL Electric") hereby moves for leave to intervene in the above-captioned consolidated docket. PPL Electric intends this intervention to include all of the petitions that have been or will be consolidated into

this docket pursuant to the Multidistrict Panel's August 8, 2024 Order or any future order. PPL Electric obtained written consent to this motion from Petitioners' counsel on August 13, 2024.

**I**.

On July 16, 2024, Petitioners Appalachian Voices, et al. filed a petition for review of the following order of the Federal Energy Regulatory Commission: *Building For The Future Through Electric Regional Transmission Planning And Cost Allocation*, 187 FERC ¶ 61,068 (May 13, 2024). The Commission issued a *Notice of Denial Of Rehearing By Operation Of Law And Providing For Further Consideration*, 188 FERC ¶ 62,025, on July 15, 2024. On August 2, 2024, the Judicial Panel on Multidistrict Litigation received, pursuant to 28 U.S.C. § 2112(a)(3), a notice of multicircuit petitions for review of that order. The notice included petitions pending in the following nine courts of appeal: First Circuit, Second Circuit, Fourth Circuit, Fifth Circuit, Sixth Circuit, Seventh Circuit, Ninth Circuit, Eleventh Circuit and District of Columbia Circuit. The Panel randomly selected this Court as the one in which to consolidate these petitions for review, and on August 8, 2024, consolidated all the petitions in this Court, and designated it as the circuit in which the record is to be filed pursuant to Rules 16 and 17 of the Federal Rules of Appellate Procedure.

The orders from which Petitioner seeks review establish new rules addressing how transmission providers must conduct long-term planning for regional transmission facilities and how to allocate costs for long-term regional transmission facilities.

## II.

PPL Electric owns transmission facilities operated under the direction of PJM Interconnection, L.L.C. ("PJM") and provides access to these facilities through the PJM Open Access Transmission Tariff ("PJM Tariff"). PPL Electric is a signatory to the PJM Operating Agreement and PJM Consolidated Transmission Owners Agreement. PPL Electric is also a load-serving entity in PJM. Load-serving entities take transmission service over facilities under PJM's operational control in accordance with the rates and terms of the PJM Tariff. The orders below will directly affect PPL Electric's participation in these markets.

## III.

PPL Electric intervened in the FERC proceedings under review. As a transmission owner and market participant in PJM, PPL Electric has a direct and substantial interest in this case that cannot be adequately represented by any other party, and would be directly affected by any decision in this case. This motion to intervene is timely filed within 30 days of the filing of the petition for review and will not delay the proceedings in this case or cause prejudice to any party. No other

party will adequately represent PPL Electric's interests. As a result, intervention is appropriate. *See Fund for Animals, Inc. v. Norton,* 322 F.3d 728, 734-35 (D.C. Cir. 2003) (noting that adequate representation is a "minimal" and "not onerous" standard under which intervention "ordinarily should be allowed") (citing *Trbovich v. United Mine Workers,* 404 U.S. 528, 538 n.10 (1972), *Dimond v. District of Columbia*, 792 F.2d 179, 192 (D.C. Cir. 1986), and *United States v. American Tel. & Tel. Co.*, 642 F.2d 1285, 1293 (D.C. Cir. 1980)); *United Guar. Residential Ins. Co. of Iowa v. Philadelphia Sav. Fund Soc.*, 819 F.2d 473, 475 (4th Cir. 1987) (citing *Trbovich*'s "minimal" burden of showing of inadequacy of representation and allowing intervention when representation "may be" inadequate). *See also Fund for Animals,* 322 F.3d at 736 (noting that governmental entities often "do not adequately represent the interests of aspiring intervenors").

4

**WHEREFORE**, for the reasons set forth above, PPL Electric respectfully requests that this Court grant its Motion to Intervene.

Respectfully submitted,

| | |
|---|---|
| Steven M. Nadel<br>Senior Counsel<br>PPL Services Corporation<br>645 Hamilton Street, Suite 700<br>Allentown, PA 18101<br>Phone: (610) 774-4775<br>Fax:    (610) 774-4102<br>Email: SMNadel@pplweb.com | /s/ *John Longstreth*<br>John Longstreth<br>Donald A. Kaplan<br>K&L Gates LLP<br>1601 K Street, N.W.<br>Washington, DC 20006<br>Phone: (202) 778-9000<br>Fax:    (202) 778-9100<br>Email: john.longstreth@klgates.com<br>            don.kaplan@klgates.com<br><br>William M. Keyser<br>Steptoe LLP<br>1330 Connecticut Avenue, N.W.<br>Washington, DC 20036<br>Phone: (202) 429-8186<br>Fax:    (202) 429-3902<br>Email: wkeyser@steptoe.com<br>Counsel for PPL Electric Utilities Corporation |

Dated: August 14, 2024

5

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

DISCLOSURE STATEMENT

- In civil, agency, bankruptcy, and mandamus cases, a disclosure statement must be filed by **all** parties, with the following exceptions: (1) the United States is not required to file a disclosure statement; (2) an indigent party is not required to file a disclosure statement; and (3) a state or local government is not required to file a disclosure statement in pro se cases. (All parties to the action in the district court are considered parties to a mandamus case.)
- In criminal and post-conviction cases, a corporate defendant must file a disclosure statement.
- In criminal cases, the United States must file a disclosure statement if there was an organizational victim of the alleged criminal activity. (See question 7.)
- Any corporate amicus curiae must file a disclosure statement.
- Counsel has a continuing duty to update the disclosure statement.

No. 24-1650    Caption: Appalachian Voices, et al. v. Federal Energy Regulatory Commission

Pursuant to FRAP 26.1 and Local Rule 26.1,

PPL Electric Utilities Corporation
(name of party/amicus)

who is   intervenor  , makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1. Is party/amicus a publicly held corporation or other publicly held entity?   ☐ YES ☑ NO

2. Does party/amicus have any parent corporations?   ☑ YES ☐ NO
   If yes, identify all parent corporations, including all generations of parent corporations:

   PPL Electric Utilities Corporation is a wholly-owned, indirect subsidiary of PPL Corporation. The Company is 100% owned by PPL Energy Holdings, LLC, a Delaware limited liability company, which in turn is 100% owned by PPL Subsidiary Holdings, LLC, a Delaware limited liability company, which in turn is 100% owned by PPL Corporation.

3. Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?   ☐ YES ☑ NO
   If yes, identify all such owners:

12/01/2019 SCC                         - 1 -

4. Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation? ☐ YES ☑ NO
If yes, identify entity and nature of interest:

5. Is party a trade association? (amici curiae do not complete this question) ☐ YES ☑ NO
If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6. Does this case arise out of a bankruptcy proceeding? ☐ YES ☑ NO
If yes, the debtor, the trustee, or the appellant (if neither the debtor nor the trustee is a party) must list (1) the members of any creditors' committee, (2) each debtor (if not in the caption), and (3) if a debtor is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of the debtor.

7. Is this a criminal case in which there was an organizational victim? ☐ YES ☑ NO
If yes, the United States, absent good cause shown, must list (1) each organizational victim of the criminal activity and (2) if an organizational victim is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of victim, to the extent that information can be obtained through due diligence.

Signature: /s/ John Longstreth     Date: 8/14/2024

Counsel for: PPL Electric Utilities Corporation

- 2 -

Print to PDF for Filing

## CERTIFICATE OF SERVICE

In accordance with Rules 15(d) and 25 of the Federal Rules of Appellate Procedure, I hereby certify that on this 14th day of August, 2024, I electronically filed the foregoing Motion to Intervene and Corporate Disclosure Statement of PPL Electric Utilities Corporation with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

/s/ John Longstreth
John Longstreth