IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

|  |  |  |  |
|---|---|---|---|
| APPALACHIAN VOICES, *ET AL.*, | ) ) ) | | |
| *Petitioners*, | ) ) | Nos. | 24-1650 |
|  | ) | | 24-1748 |
| v. | ) | | 24-1751 |
|  | ) | | 24-1756 |
| FEDERAL ENERGY REGULATORY COMMISSION, | ) ) | | 24-1758 24-1760 |
|  | ) | | (Consolidated) |
| *Respondent.* | ) ) | | |

**MOTION FOR LEAVE TO INTERVENE OF
DOMINION ENERGY SERVICES, INC.**

Pursuant to Federal Rules of Appellate Procedure ("FRAP") 15(d) and 27, Dominion Energy Services, Inc., on behalf of its affiliates Virginia Electric and Power Company d/b/a Dominion Energy Virginia and Dominion Energy South Carolina, Inc. (collectively, "Dominion"), hereby moves to intervene in the following cases that have been consolidated with this lead docket:

- *Appalachian Voices v. FERC*, No. 24-1650;

- *Natural Resources Defense Council, Inc. v. FERC*, No. 24-1748;

- *Advanced Energy United v. FERC*, No. 24-1751;

- *Invenergy Solar Development North America LLC, et al. v. FERC*, No. 24-1756;

- *State of Texas v. FERC*, No. 24-1758; and

- *State of Georgia, et al. v. FERC*, No. 24-1760.

Pursuant to Local Rule 27(a), counsel for the existing parties to these cases have been informed of Dominion's intended filing of the motion. Counsel for the Respondent, Federal Energy Regulatory Commission ("FERC" or "Commission"), consents to this motion. In addition, counsel for the Petitioner in No. 24-1748 consents to this motion; counsel for Petitioners in Nos. 24-1650 and 24-1751 do not oppose this motion; and counsel for Petitioners in Nos. 24-1756, 24-1758, and 24-1760 take no position on the motion. In addition, as required by FRAP 26.1 and Local Rules 26.1 and 27(c), a Corporate Disclosure for the Dominion is attached to this motion.

This Court should grant Dominion's Motion to Intervene because Dominion Energy Virginia and Dominion Energy South Carolina are transmission-owning public utilities that have direct and substantial interests in Petitioners' Petitions for Review, which challenge Federal Energy Regulatory Commission ("FERC" or "Commission") rulemaking orders regarding regional transmission planning and cost allocation requirements for public utilities. *See Building for the Future Through Electric Regional Transmission Planning and Cost Allocation*, Order No. 1920, 187 FERC ¶ 61,068 (2024) ("Order No. 1920"); *Building for the Future Through Electric Regional Transmission Planning and Cost Allocation*, Notice of Denial of Rehearing by Operation of Law and Providing for Further Consideration, 188 FERC ¶ 62,025 (2024) (together with Order No. 1920, the "Orders"). Dominion satisfies

the requirements of intervention, as the Petitions seek to reverse the Commission's Orders, which would affect the regulations Dominion Energy Virginia and Dominion Energy South Carolina must comply with moving forward. Further, no other party adequately represents Dominion's private interests: Petitioners advanced different arguments than Dominion in the underlying FERC rulemaking proceedings, and FERC, Dominion's regulator, is litigating on behalf of the public.

## BACKGROUND AND INTEREST OF MOVANT

1. Dominion Energy Virginia is a vertically integrated public utility that is primarily engaged in providing wholesale and retail electric service to residential, commercial, industrial, and other kinds of customers in portions of Virginia and North Carolina. Dominion Energy Virginia is organized under the laws of the Commonwealth of Virginia and a public utility subject to regulation by the Virginia State Corporation Commission and by the North Carolina Utilities Commission, whose regulations establish Dominion Energy Virginia's retail customer rates. Dominion Energy Virginia also is a transmission-owning member of PJM Interconnection, L.L.C. ("PJM"), a regional transmission organization authorized by FERC to administer transmission service in interstate commerce under the PJM Open Access Transmission Tariff ("OATT") on the electric transmission facilities under PJM's control and to conduct the day-to-day operations of the bulk power

3

system of a multi-state electric control area. PJM has operational control over Dominion Energy Virginia's transmission assets.

2. Dominion Energy South Carolina is a public utility engaged in the generation, transmission, distribution, and sale of electricity to retail and wholesale customers. Dominion Energy South Carolina is not a member of PJM or other FERC-regulated regional transmission organization. Dominion Energy South Carolina owns and operates facilities for the transmission of electric energy in interstate commerce and provides transmission service over those facilities pursuant to the terms of its Commission-approved OATT. Dominion Energy South Carolina also supplies natural gas to retail customers. Dominion Energy South Carolina's retail electricity and retail natural gas activities are subject to the jurisdiction of the Public Service Commission of South Carolina.

3. The instant Petitions concern FERC's issuance of—and subsequent denial of rehearing by operation of law of—Order No. 1920. Dominion participated in the underlying FERC rulemaking proceedings by filing its own initial and reply comments to both (i) the Advance Notice of Proposed Rulemaking ("ANOPR") issued by FERC on July 15, 2021, *Building for the Future Through Electric Regional Transmission Planning and Cost Allocation and Generator Interconnection*, 176 FERC ¶ 61,024 (2021), and (ii) the Notice of Proposed Rulemaking ("NOPR") issued by FERC on April 21, 2022, *Building for the Future Through Electric*

4

*Regional Transmission Planning and Cost Allocation and Generator Interconnection*, 179 FERC ¶ 61,028 (2022). Additionally, Dominion Energy Virginia participated by submitting initial and reply comments to the ANOPR and NOPR as part of the Indicated PJM Transmission Owners, a group of transmission-owning public utilities within PJM.

4. On May 13, 2024, FERC issued Order No. 1920, which imposes new transmission planning, cost allocation, and myriad other requirements on public utility transmission providers. Several parties—including Petitioners—subsequently requested rehearing of Order No. 1920 pursuant to section 313(a) of the Federal Power Act, 16 U.S.C. § 825*l*(a). On July 15, 2024, the Acting Secretary of the Commission issued a Notice of Denial of Rehearing by Operation of Law and Providing for Further Consideration. *Building for the Future Through Electric Regional Transmission Planning and Cost Allocation*, 188 FERC ¶ 62,025 (2024).

5. On July 16, 2024, Petitioners filed a Petition for Review of the Orders in this Court. Several other parties also filed timely petitions for review of the Orders in other federal courts of appeal. On August 9, 2024, the United States Judicial Panel on Multidistrict Litigation issued an order consolidating all pending petitions for review of the Orders in the Fourth Circuit. To protect its substantial and unique interests in the matter, Dominion now moves to intervene.

5

**ARGUMENT**

**I.    Standard for Intervention Under FRAP 15(d)**

FRAP 15(d) authorizes intervention in cases reviewing agency action, providing that the intervention motion "must be filed within 30 days after the petition for review is filed" and must "contain a concise statement of the interest of the moving party and the grounds for intervention." Fed. R. App. P. 15(d); *see* Fed. R. App. P. 27. The Supreme Court has identified two considerations for determining whether intervention is warranted under FRAP 15(d): (1) "the statutory design of the act;" and (2) "the policies underlying intervention in the trial courts pursuant to" Rule 24 of the Federal Rules of Civil Procedure ("FRCP"). *Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am., AFL-CIO, Local 283 v. Scofield* ("*Scofield*"), 382 U.S. 205, 210, 216 n.10 (1965).

**II.    Grounds for Intervention**

   *a.  Dominion's Motion is Timely*

Pursuant to FRAP 15(d), motions for leave to intervene "must be filed within 30 days after the petition for review is filed . . . ." Dominion meets this requirement. The first petition for review of Order No. 1920 was filed on July 15, 2024 in the Fifth Circuit, *see Louisiana Public Service Commission et al. v. FERC*, Fifth Circuit No. 24-60355, and the Petition in the lead docket in the Fourth Circuit, was filed

6

July 16, 2024, *see Appalachian Voices, et al. v. FERC*, Fourth Circuit No. 24-1650.

The Motion is also being filed prior to the entry of any briefing schedule.

> **b. The Statutory Design of the Administrative Procedure Act ("APA") and the Federal Power Act ("FPA") Encourage the Participation of Interested Persons in Any Review of Order No. 1920**

Section 553 of the APA generally requires federal agencies to publish notices of proposed rulemakings in the Federal Register, to provide "interested persons an opportunity to participate in the rule making through submission of written data, views, or arguments" and, "[a]fter consideration of the relevant matter presented," to "incorporate in the rules adopted a concise general statement of their basis and purpose." 5 U.S.C. §§ 553(b)-(c). These provisions "were designed to assure fairness and mature consideration of rules of general application." *NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 764 (1969) (citing legislative history).

The FPA and FERC's regulations thereunder similarly encourage interested persons to participate in the rulemaking process. Pursuant to 18 C.F.R. § 385.1903, except under certain enumerated circumstances,

> [b]efore the adoption of rule of general applicability or the commencement of hearing on such a proposed rulemaking, the Commission will cause general notice to be given by publication in the Federal Register, such notice to be published therein not less than 15 days prior to the date fixed for the consideration of the adoption of a proposed rule or rules or for the commencement of the hearing, if any, on the proposed rulemaking, except where a shorter period is reasonable and good cause exists therefor.

7

Indeed, in both the ANOPR and NOPR, FERC "invite[d] interested persons to submit comments" on FERC's proposals, along with "any related matters or alternative proposals that commenters may wish to discuss." *Building for the Future Through Electric Regional Transmission Planning and Cost Allocation and Generator Interconnection*, 176 FERC ¶ 61,024, at P 183 (2021); *Building for the Future Through Electric Regional Transmission Planning and Cost Allocation and Generator Interconnection*, 179 FERC ¶ 61,028, at P 460 (2022). This Court has previously allowed Dominion to intervene in challenges to FERC orders. *See, e.g.*, Order, *Office of the Attorney General of Va. v. FERC*, No. 09-2052, (4th Cir. Oct. 2, 2009) (allowing Dominion Energy Virginia to intervene in support of FERC in challenge to FERC orders); Order, *N.C. Utils. Comm'n v. FERC*, No. 12-1881 (Aug. 15, 2012) (allowing Dominion Energy Virginia and other parties to intervene in challenge to FERC order).

The design of the APA and the FPA encourage Dominion's intervention here. As explained above, Dominion actively participated in the underlying FERC rulemaking process by submitting initial and reply comments to both the ANOPR and NOPR. As transmission-owning public utilities, Dominion Energy Virginia and Dominion Energy South Carolina must comply with the new regulations set forth in FERC's Order No. 1920, and the outcome of this appeal will affect the transmission planning, cost allocation, and other regulatory requirements Dominion Energy

8

Virginia and Dominion Energy South Carolina must comply with moving forward. Dominion therefore has standing and should be allowed to intervene to protect its substantial and distinct interests.

### c. *The Policies Underlying Intervention Pursuant to Federal Rule of Civil Procedure 24 Encourage Dominion's Intervention in Any Review of Order No. 1920*

While the requirements of Federal Rule of Civil Procedure ("FRCP") 24 do not apply directly to petitions for review of agency actions under FRAP 15(d), courts have recognized that the policies underlying FRCP 24 are relevant to resolving the question of intervention in the federal courts of appeals. *See, e.g.*, *Scofield*, 382 U.S. at 216 n.10. The plain language of FRCP 24 establishes two bases of intervention that are relevant here: intervention of right and permissive intervention. FRCP 24(a)(2), (b)(1). Dominion satisfies the standard for intervention on both bases.

### i. *Intervention of Right*

FRCP 24(a)(2) provides for intervention as of right if (1) the motion is timely made, (2) the applicant claims an interest relating to the property or transaction that is the subject of the action, (3) the interest could be impaired or impeded as a result of the litigation, and (4) existing parties do not adequately represent the applicant's interests. *Houston Gen. Ins. Co. v. Moore*, 193 F.3d 838, 839 (4th Cir. 1999). As explained below, Dominion satisfies each of these elements.

First, as explained above, Dominion's motion is timely.

9

Second, Dominion, has a direct, substantial, and distinct interest in these proceedings. Order No. 1920 imposes new transmission planning, cost allocation, and myriad other requirements that affect transmission-owning public utilities such as Dominion Energy Virginia and Dominion Energy South Carolina. Multiple Petitioners challenge various aspects of Order No. 1920, meaning the outcome of these consolidated appeals will affect Dominion moving forward. In general, "[l]iberal intervention is desirable to dispose of as much of a controversy 'involving as many apparently concerned persons as is compatible with efficiency and due process.'" *Feller v. Brock*, 802 F.2d 722, 729 (4th Cir. 1986) (citation omitted); *J.P. Stevens & Co. v. NLRB*, 388 F.2d 892, 895 (4th Cir. 1967); *see also United States v. Am. Tel. & Tel. Co.*, 642 F.2d 1285, 1291-92 (D.C. Cir. 1980) (citations omitted) ("[I]ntervention aims to protect interests . . . 'of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment.'").

Third, Dominion's interest could be impaired or impeded as a result of these consolidated appeals. For purposes of FRCP 24(a)(2), an "interest" must be, above all else, "a significantly protectable interest." *Teague v. Bakker*, 931 F.2d 259, 261 (4th Cir. 1991) (internal citation omitted). In determining whether an action threatens to impair an intervenor-applicant's interests, reviewing courts consider the

"practical consequences" of denying intervention. *Nat. Res. Def. Council v. Costle*, 561 F.2d 904, 909 (D.C. Cir. 1977).

Given the breadth of Order No. 1920 and the diversity of the parties to the consolidated proceedings, Dominion expects different Petitioners to challenge—and support—different aspects of Order No. 1920. Certain positions taken on appeal could therefore directly conflict with Dominion's interests and lead to irreversible harm for Dominion. Denying intervention would deprive Dominion of its right to challenge and defend certain new regulatory requirements set forth in the rule.

Finally, the existing parties cannot adequately represent Dominion's interests in these consolidated proceedings. To satisfy the fourth prong of FRCP 24(a)(2), a proposed intervenor must show that the existing parties do not adequately represent its interests. The Supreme Court has held that this requirement is "minimal" and is satisfied if the proposed intervenor shows that representation of its interest "may be" inadequate. *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972).

The minimal burden is met here. No party that has petitioned for review of the Orders advanced identical arguments as those raised in Dominion's comments to the ANOPR and NOPR, and no other party can adequately represent Dominion's distinct interests here. Indeed, unlike other interested parties in the agency proceedings below, Dominion operates both within an RTO and outside of an RTO and is subject to the jurisdiction of three different state regulators.

11

The Commission, a government litigant and one of Dominion's regulators, is also an inadequate representative of Dominion, a private litigant. Courts have long recognized that government agencies like FERC do not adequately represent the interests of private entities like Dominion. *See, e.g.*, *Crossroads Grassroots Policy Strategies v. FEC*, 788 F.3d 312, 314 (D.C. Cir. 2015) (reversing district court where beneficiary of divided agency decision was denied right to intervene in suit challenging it); *City of Chicago v. FEMA*, 660 F.3d 980, 985-86 (7th Cir. 2011) (recognizing that intervention of right is appropriate "when an original party does not advance a ground that if upheld by the court would confer a tangible benefit on an intervenor who wants to litigate that ground") (collecting and discussing cases). FERC is primarily motivated to defend its regulatory programs and practices and, in doing so, may advance positions or choose litigation strategies that are inconsistent with Dominion's interests. See *JLS, Inc. v. Pub. Serv. Comm'n of W.V.*, 321 F. App'x 286, 291 (4th Cir. 2009) (noting that an agency could settle a case in a manner that could harm intervenor's interests).

In light of the foregoing, Dominion should be permitted to intervene in this proceeding as of right. Dominion's motion to intervene is timely, Dominion has a direct, substantial, and legally protectable interest in the proceeding, disposal of the case would impair or impede Dominion's ability to protect that interest, and no existing party adequately represents Dominion's interest.

12

### ii. *Permissive Intervention*

Dominion also satisfies the test for permissive intervention under FRCP 24(b):

> On timely motion, the court may permit anyone to intervene who … has a claim or defense that shares with the main action a common question of law or fact. . . . In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Dominion satisfies this test. As noted above, the motion to intervene is timely and will not delay the proceedings. The court has jurisdiction under FPA section 313(b), 16 U.S.C. § 825*l*(b), and Dominion's arguments go to questions of fact and law in common with the Petitions for Review. Thus, while Dominion should be allowed to intervene as a matter of right, Dominion also readily satisfies the test for permissive intervention.

## CONCLUSION

This Court should grant Dominion's Motion to Intervene as of right or, alternatively, for permissive intervention.

13

Dated: August 14, 2024

                                        Respectfully submitted,

| | |
|---|---|
| | */s/ Timothy L. McHugh* |
| Christopher R. Jones* | Timothy L. McHugh |
| Miles H. Kiger* | *Counsel of Record* |
| TROUTMAN PEPPER HAMILTON | C. Dixon Wallace III* |
| SANDERS LLP | TROUTMAN PEPPER HAMILTON |
| 401 9th Street, NW, Suite 1000 | SANDERS LLP |
| Washington, DC 20004 | 1001 Haxall Point, Suite 1500 |
| (202) 662-2181 | Richmond, VA 23219 |
| chris.jones@troutman.com | (804) 697-1365 |
| miles.kiger@troutman.com | tim.mchugh@troutman.com |
| | dixon.wallace@troutman.com |

                        *Counsel for Dominion Energy Services, Inc.*

*Applications for Admission to the Bar of the United States Court of Appeals for the Fourth Circuit forthcoming*

## CERTIFICATE OF COMPLIANCE

The foregoing Motion complies with the word limit in Fed. R. App. P. 27(d)(2)(A) because it contains 2,764 words, excluding those parts exempted by Fed. R. App. P. 32(f) and those accompanying documents excepted by Rule 27(a)(2)(B) and 27(d)(2).

This Motion also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in proportionally spaced 14-point Times New Roman type.

Dated: August 14, 2024

                                              <u>*/s/ Timothy L. McHugh*</u>
                                              Timothy L. McHugh
                                              TROUTMAN PEPPER HAMILTON SANDERS LLP
                                              1001 Haxall Point, Suite 1500
                                              Richmond, VA 23219
                                              (804) 697-1365
                                              tim.mchugh@troutman.com

                                              *Counsel for Dominion Energy Services, Inc.*

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

DISCLOSURE STATEMENT

- In civil, agency, bankruptcy, and mandamus cases, a disclosure statement must be filed by **all** parties, with the following exceptions: (1) the United States is not required to file a disclosure statement; (2) an indigent party is not required to file a disclosure statement; and (3) a state or local government is not required to file a disclosure statement in pro se cases. (All parties to the action in the district court are considered parties to a mandamus case.)
- In criminal and post-conviction cases, a corporate defendant must file a disclosure statement.
- In criminal cases, the United States must file a disclosure statement if there was an organizational victim of the alleged criminal activity. (See question 7.)
- Any corporate amicus curiae must file a disclosure statement.
- Counsel has a continuing duty to update the disclosure statement.

No. __24-1650__          Caption: __Appalachian Voices et al. v. Federal Energy Regulatory Commission__

Pursuant to FRAP 26.1 and Local Rule 26.1,

__Dominion Energy Services, Inc., on behalf of its affiliates Virginia Electric and Power Company d/b/a__
(name of party/amicus)

__Dominion Energy Virginia and Dominion Energy South Carolina, Inc.__

who is __Intervenor__, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1. Is party/amicus a publicly held corporation or other publicly held entity?  ☐ YES ☑ NO

2. Does party/amicus have any parent corporations?  ☑ YES ☐ NO
   If yes, identify all parent corporations, including all generations of parent corporations:

   Dominion Energy, Inc. (NYSE: D)

3. Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?  ☐ YES ☑ NO
   If yes, identify all such owners:

4. Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation? ☐YES ☑NO
If yes, identify entity and nature of interest:

5. Is party a trade association? (amici curiae do not complete this question) ☐YES ☑NO
If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6. Does this case arise out of a bankruptcy proceeding? ☐YES ☑NO
If yes, the debtor, the trustee, or the appellant (if neither the debtor nor the trustee is a party) must list (1) the members of any creditors' committee, (2) each debtor (if not in the caption), and (3) if a debtor is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of the debtor.

7. Is this a criminal case in which there was an organizational victim? ☐YES ☑NO
If yes, the United States, absent good cause shown, must list (1) each organizational victim of the criminal activity and (2) if an organizational victim is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of victim, to the extent that information can be obtained through due diligence.

Signature: /s/ Timothy L. McHugh    Date: August 14, 2024

Counsel for: Dominion Energy Services, Inc.

- 2 -

Print to PDF for Filing

## CERTIFICATE OF SERVICE

Pursuant to Rule 25(d) of the Federal Rules of Appellate Procedure, I hereby certify that, on August 14, 2024, I caused the foregoing document to be electronically filed using the Court's CM/ECF system, which automatically provides email notification of the filing to the attorneys of record in the above captioned docket.

Dated: August 14, 2024

>   */s/ Timothy L. McHugh*
>   Timothy L. McHugh
>   TROUTMAN PEPPER HAMILTON SANDERS LLP
>   1001 Haxall Point, Suite 1500
>   Richmond, VA 23219
>   (804) 697-1365
>   tim.mchugh@troutman.com
>
>   *Counsel for Dominion Energy Services, Inc.*