# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

| | | |
|---|---|---|
| Appalachian Voices, *et al.*, | ) | |
|                    Petitioners, | ) | |
| v. | ) | Nos. 24-1650, 24-1748, 24-1751, 24-1756, 24-1758, 24-1760, 24-1765, 24-1770, 24-1785, 24-1792 (consolidated) |
| Federal Energy Regulatory Commission, | ) | |
|                    Respondent. | ) | |

## UNOPPOSED MOTION OF THE
## FEDERAL ENERGY REGULATORY COMMISSION
## TO HOLD PETITIONS FOR REVIEW IN ABEYANCE

Pursuant to Rule 27 of the Federal Rules of Appellate Procedure, Respondent Federal Energy Regulatory Commission ("Commission" or "FERC") moves this Court, without opposition, to hold the above-captioned petitions for review in abeyance, with motions to govern due January 6, 2025.

The Court set a date of August 26, 2024 for filing the agency record in the first (No. 24-1650) of these consolidated cases. The Commission's requested relief would defer all filing deadlines—including filing of the agency record—until after the abeyance period

expires. The relief requested is without prejudice to any party filing procedural or substantive motions, as appropriate, in the interim.

The Commission anticipates that abeyance will allow for completion of the statutorily mandated Commission rehearing process. *See* 16 U.S.C. § 825*l*. In particular, it will afford FERC the time necessary to respond to the approximately 50 applications for agency rehearing of the Commission's May 13, 2024-issued Order No. 1920—an unusually large volume of rehearing requests that raise numerous objections. *See Building for the Future Through Electric Regional Transmission Planning and Cost Allocation*, Order No. 1920, 187 FERC ¶ 61,068, *reproduced at* 89 Fed. Reg. 49,280 (June 11, 2024). The Commission has indicated its intent to respond to those objections in a reasoned rehearing order. *See* "Notice of Denial of Rehearing by Operation of Law and Providing for Further Consideration," 188 FERC ¶ 62,025 (July 15, 2024).

Counsel for the Commission has contacted counsel for Petitioners[1] and Movant-Intervenors in these appeals. There is no known opposition to the relief requested in this motion.[2]

---

[1]      Petitioners in the appeals consolidated under lead case No. 24-1650 (4th Cir.) are: Appalachian Voices, Energy Alabama, North Carolina Sustainable Energy Association, Southern Alliance for Clean Energy, South Carolina Coastal Conservation League (No. 24-1650); Natural Resources Defense Council, Inc. (No. 24-1748); Advanced Energy United, American Clean Power Association, Solar Energy Industries Association (No. 24-1751); Invenergy Solar Development North America LLC, Invenergy Thermal Development LLC, Invenergy Wind Development North America LLC, Invenergy Transmission LLC (24-1756); State of Texas (No. 24-1758); State of Georgia, Georgia Public Service Commission (No. 24-1760); Environmental Defense Fund (No. 24-1765); Louisiana Public Service Commission, Mississippi Public Service Commission (No. 24-1770); Public Utilities Commission of Ohio's Office of the Federal Energy Advocate, Public Service Commission of West Virginia (No. 24-1785); and ITC Midwest (No. 24-1792).

Sierra Club is also a Petitioner whose petition—filed in the Ninth Circuit (No. 24-4388)—has not yet been consolidated in the Fourth Circuit, pursuant to the August 8, 2024 order of the Judicial Panel on Multidistrict Litigation ("JPML") consolidating all petitions challenging Order No. 1920 in this Court. *See* Consolidation Order, MCP No. 190 (JPML Aug. 8, 2024).

[2]      Petitioners' positions on the requested abeyance are as follows: Natural Resources Defense Council, Inc., Environmental Defense Fund, Appalachian Voices, Energy Alabama, North Carolina Sustainable Energy Association, Southern Alliance for Clean Energy, and South Carolina Coastal Conservation League **consent**; ITC Midwest and Public Utilities Commission of Ohio's Office of the Federal Energy Advocate **do not oppose**; and Invenergy Solar Development North

## BACKGROUND

This matter has garnered broad public interest. Eleven petitions for review of FERC Order No. 1920 were filed in nine courts of appeals, and more may be forthcoming. In addition, the Commission has received approximately 50 applications for agency rehearing of the Order—an unusually large volume.

1. The current procedural posture of the Order No. 1920 appeals is fluid and evolving. Pursuant to 28 U.S.C. § 2112(a), the Commission noticed the various petitions for review of Order No. 1920 with the Judicial Panel on Multidistrict Litigation ("JPML"). On August 8, 2024, the JPML randomly selected the Fourth Circuit as venue for all

---

America LLC, Invenergy Thermal Development LLC, Invenergy Wind Development North America LLC, Invenergy Transmission LLC, State of Texas, State of Georgia, and Georgia Public Service Commission **take no position**.

Movant-Intervenors' positions on the requested abeyance are as follows: First Energy Transmission Companies, Maryland Public Service Commission, and Michigan Public Service Commission **consent**; PJM Interconnection, L.L.C., MISO Transmission Owners, Resale Power Group of Iowa, PPL Electric Utilities Corporation, Large Public Power Council, Dominion Energy Services, Inc., and Michigan Public Power Agency **do not oppose**; and National Association of Regulatory Utility Commissioners **takes no position**.

4

petitions filed in the various circuits, *see* Consolidation Order, MCP No. 190 (JPML Aug. 8, 2024), which also means that the agency record is properly filed with this Court, 28 U.S.C. § 2112(a)(3). Most courts (except the Ninth Circuit) have since transferred their petitions to this Court. *See* 28 U.S.C. § 2112(a)(5).

2. The Federal Power Act permits judicial review of a FERC order only after "compl[ying] with th[e] [Act's] unusually strict exhaustion requirement." *Ameren Servs. Co. v. FERC*, 893 F.3d 786, 793 (D.C. Cir. 2018) (cleaned up). A party must state with "specificity" all objections "before the Commission in [an] application for rehearing" of an initial FERC order as a prerequisite to seeking judicial review of "such order." *Id.* (quoting 16 U.S.C. § 825*l*(b)) (cleaned up).

The rehearing process serves several functions: It (1) recognizes FERC's primary jurisdiction to "correct its own errors" in an initial order, *Save Our Sebasticook v. FERC*, 431 F.3d 379, 381 (D.C. Cir. 2005); *Granholm ex rel. Mich. Dep't of Nat. Res. v. FERC*, 180 F.3d 278, 281 (D.C. Cir. 1999); (2) "afford[s] the Commission an opportunity to bring its knowledge and expertise to bear on an issue before it is presented to a generalist court," *Nw. Pipeline Corp. v. FERC*, 863 F.2d

5

73, 77–78 (D.C. Cir. 1988); and (3) promotes judicial efficiency by potentially narrowing the issues a court must decide or "obviat[ing] the need for [judicial] review" altogether, *Clifton Power Corp. v. FERC*, 294 F.3d 108, 111–12 (D.C. Cir. 2002).

The Commission retains jurisdiction to modify its initial order through an order on rehearing until it files the agency record with the court of appeals. 16 U.S.C. § 825*l*(a)–(b). Upon record filing, the court obtains "exclusive" jurisdiction "to affirm, modify, or set aside such [Commission] order in whole or in part." 16 U.S.C. § 825*l*(b); *see Berkley v. FERC and Mountain Valley Pipeline, LLC*, 896 F.3d 624, 630 (4th Cir. 2018) (Natural Gas Act[3]) ("Congress gave 'exclusive' jurisdiction to the appropriate court of appeals—but only after going through the review process with FERC.").

Federal Rule of Appellate Procedure 17(a) sets a generic date for record filing of 40 days from the date a petition for review is filed. However, "[t]he court may shorten or extend the time to file the record"

---

[3]   It is well-established that "the relevant provisions of the [Federal Power Act and Natural Gas Act] are analogous," meaning "[t]h[e] [Supreme] Court has routinely relied on [Natural Gas Act] cases in determining the scope of the [Federal Power Act], and vice versa." *Hughes v. Talen Energy Mktg., LLC*, 578 U.S. 150, 164 n.10 (2016).

6

to allow the Commission an opportunity to complete the rehearing process. *See* Fed. R. App. P. 17(a); *Allegheny Defense Project v. FERC*, 964 F.3d 1, 17 (D.C. Cir. 2020) (en banc) (contemplating motions to extend the record filing date beyond 40 days from the date a petition for review is filed, and noting that the court of appeals had allowed the Commission nine months to file the agency record in that case). And until the Commission files the agency record with the court, "[it] may at any time, … in such manner as it shall deem proper, modify or set aside, in whole or in part, any finding or order made or issued by it under the provisions of this chapter." 16 U.S.C. § 825*l*(a). Thus, courts routinely hold petitions challenging FERC orders in abeyance and set a record filing date that affords the Commission time—often several months—to issue a substantive rehearing order.

## ARGUMENT

The Commission respectfully requests—and no party (or movant-intervenor) opposes—that the Court hold these consolidated petitions (and any future petitions that are so consolidated) in abeyance for approximately 4.5 months, until January 6, 2025. The requested

7

relief would suspend all parties' filing deadlines, including the current August 26, 2024 deadline for the Commission to file the agency record.

The requested abeyance is reasonable under the circumstances. The Commission has received approximately 50 applications for agency rehearing of Order No. 1920 that raise numerous objections—objections that the Commission is diligently assessing and will respond to in a forthcoming rehearing order. *Cf. Berkley*, 896 F.3d at 631 (Natural Gas Act) (explaining that the statute does not time-limit FERC's ability to "finally decide petitions for rehearing"). Allowing the rehearing process to reach fruition ensures that this Court will have the full benefit of the Commission's "knowledge and expertise … on an issue before it is presented to a generalist court." *Nw. Pipeline*, 863 F.2d at 77–78. It also has the potential to "obviate the need for [judicial] review" in part, or even altogether, should the Commission redress some or all of Petitioners' alleged grievances. *Clifton Power*, 294 F.3d at 111–12. Accordingly, this Court has, in the past, "declined to review non-final orders that," like Order No. 1920, "can[] be altered by subsequent administrative action of the Commission." *Consol. Gas Supply Corp. v. FERC*, 611 F.2d 951, 959 (4th Cir. 1979) (cleaned up).

8

An approximately 4.5-month abeyance falls comfortably within the range of periods approved in matters involving fewer parties and fewer requests for rehearing.[4] And it is commensurate with the abeyance requested and approved in another set of appeals—concerning the FERC Order No. 2023 rulemaking and similarly following random circuit selection by the JPML—that also garnered broad public interest on rehearing. *See generally Advanced Energy United v. FERC*, Nos. 23-1282, *et al.* (D.C. Cir.).

---

[4] *See, e.g.*, Order, Nos. 21-3068, *et al.* (3d Cir.), Doc. 82 (Dec. 21, 2021) (ordering record filing nearly four months after first petition for review filed); Order, Nos. 21-1090, *et al.* (D.C. Cir.), Doc. 1922604 (Nov. 16, 2021) (nine-month period); Order, Nos. 20-1449, *et al.* (D.C. Cir.), Doc. 1885666 (Feb. 17, 2021) (3.5-month period); Order, No. 20-1457 (consolidated with No. 20-1238) (D.C. Cir.), Doc. 1871755 (Nov. 18, 2020) (six-month period); *Allegheny Defense*, 964 F.3d at 17 (nine-month period).

## CONCLUSION

For the foregoing reasons, the Commission respectfully requests, without opposition, that the Court hold the above-captioned consolidated petitions for review—and any additional petitions—in abeyance, with motions to govern due January 6, 2025.

Respectfully submitted,

Matthew R. Christiansen
General Counsel

Robert H. Solomon
Solicitor

Susanna Y. Chu
Attorney

/s/ Jared B. Fish_____
Jared B. Fish
Attorney

Federal Energy Regulatory
  Commission
Washington, DC  20426
Tel.: (202) 502-8101
Email: jared.fish@ferc.gov

August 22, 2024

10

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(c)(1), (g)(1), I certify that this motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because this motion contains 1,739 words, excluding the parts exempted by Fed. R. App. P. 32(f).

I further certify that this motion complies with the type-face requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in Century Schoolbook 14-point font using Microsoft Word 365.

*/s/ Jared B. Fish*
Jared B. Fish
Attorney

Federal Energy Regulatory
  Commission
Washington, DC  20426
Tel.: (202) 502-8101
Email: jared.fish@ferc.gov

August 22, 2024

## CERTIFICATE OF SERVICE

In accordance with Fed. R. App. P. 25(d), I hereby certify that I have, on August 22, 2024, served the foregoing upon the counsel listed in the Service Preference Report via email through the Court's CM/ECF system.

/s/ Jared B. Fish_____
Jared B. Fish
Attorney

Federal Energy Regulatory
   Commission
888 First Street, NE
Washington, D.C. 20426
Tel.: (202) 502-8101
Email: jared.fish@ferc.gov