# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | 24-1885 MISO Transmission Owners v. FERC |
| **Originating No. & Caption** | Docket No. RM21-17-001, Building for the Future Through Elec |
| **Originating Court/Agency** | Federal Energy Regulatory Commission |

| **Jurisdiction** (answer any that apply) | | | |
|---|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 16 U.S.C. 825l(b) | | |
| Time allowed for filing in Court of Appeals | 60 days per 16 U.S.C. 825l(b) | | |
| Date of entry of order or judgment appealed | May 13, 2024; July 15, 2024 | | |
| Date notice of appeal or petition for review filed | September 13, 2024 | | |
| If cross appeal, date first appeal filed | | | |
| Date of filing any post-judgment motion | | | |
| Date order entered disposing of any post-judgment motion | | | |
| Date of filing any motion to extend appeal period | | | |
| Time for filing appeal extended to | | | |
| Is appeal from final judgment or order? | ⦿ Yes | | ○ No |
| If appeal is not from final judgment, why is order appealable? | | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ⦿ No |

1/28/2020 SCC

| Transcript (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | ⦿ No |
| Has transcript been filed in district court? | ○ Yes | ⦿ No |
| Is transcript order attached? | ○ Yes | ⦿ No |

| Case Handling Requirements (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | | |
| Case number of any pending appeal in same case | 24-1650, Appalachian Voices v. FERC | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ⦿ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ⦿ Yes | ○ No |
| Does case involve question of first impression? | ⦿ Yes | ○ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ⦿ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

| Nature of Case (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| Petitioners seek review of Order No. 1920 issued by the Federal Energy Regulatory Commission (FERC). Order No. 1920 reforms FERC's pro forma Open Access Transmission Tariff to revise FERC's existing regional and local transmission planning and cost allocation requirements to facilitate longer term transmission planning. Among other things, the order mandates a reevaluation of certain Long-Term Regional Transmission facilities in a subsequent cycle, including that transmission providers consider updated benefits as part of a facility's reevaluation. The MISO Transmission Owners sought rehearing of this aspect of FERC's action that was deemed denied on July 15, 2024, by FERC's failure to act timely on the MISO Transmission Owners' rehearing request. |

| **Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary) |
|---|
| By adopting in Order No. 1920 a reevaluation requirement that must take into account updated benefits, FERC acted in an arbitrary and capricious manner, contrary to record evidence and lacking in reasoned decision-making.<br><br>FERC's decision to require that the reevaluation of Long-Term Regional Transmission Facilities must take into account benefits as well as costs will create uncertainty and impede efficient planning. Moreover, FERC's approach is inconsistent with the goals of Long-Term Regional Transmission Planning. FERC's failure to explain adequately this new aspect of its final rule is arbitrary, capricious, and contrary to reasoned decision-making.<br><br>FERC's decision to add the requirement that benefits be taken into account during reevaluation of Long-Term Regional Transmission Facilities is not a logical outgrowth of the underlying Notice of Proposed Rulemaking, which included a flexible and broad proposal for transmission providers to address the selection status of Long-Term Regional Transmission Facilities based on results of subsequent planning cycles. Addition of a required reassessment of Long-Term Regional Transmission Facilities' benefits is unanticipated and deprives interested parties of the requisite notice and comment opportunity. |

| **Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.) ||
|---|---|
| Adverse Party: Federal Energy Regulatory Commission<br><br>Attorney: Robert Solomon<br>Address: Federal Energy Regulatory Commission<br>888 First Street, NE<br>Washington, DC 20426<br><br>E-mail: robert.solomon@ferc.gov<br><br>Phone: 202-502-8257 | Adverse Party:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |
| **Adverse Parties (continued)** ||
| Adverse Party:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Adverse Party:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |

| **Appellant** (Attach additional page if necessary.) ||
|---|---|
| Name: MISO Transmission Owners<br><br>Attorney: Wendy N. Reed<br>Address: Wright & Talisman, P.C.<br>1200 G Street, N.W., Suite 600<br>Washignton, DC 20005-3898<br><br>E-mail: reed@wrightlaw.com<br><br>Phone: 202-393-1200 | Name: MISO Transmission Owners<br><br>Attorney: Matthew J. Binette<br>Address: Wright & Talisman, P.C.<br>1200 G Street, N.W., Suite 600<br>Washignton, DC 20005-3898<br><br>E-mail: binette@wrightlaw.com<br><br>Phone: 202-393-1200 |
| **Appellant (continued)** ||
| Name: MISO Transmission Owners<br><br>Attorney: Abraham F. Johns III<br>Address: Wright & Talisman, P.C.<br>1200 G Street, N.W., Suite 600<br>Washignton, DC 20005-3898<br><br>E-mail: johns@wrightlaw.com<br><br>Phone: 202-393-1200 | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |

**Signature:** /s/ Wendy N. Reed            **Date:** 9/27/2024

**Counsel for:** MISO Transmission Owners

**Certificate of Service** *(required for parties served outside CM/ECF)*: I certify that this document was served on 9/27/2024 by ☐ personal delivery; ☐ mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown:

| CM/ECF only | |
|---|---|
| | |

**Signature:** s/ Wendy N. Reed            **Date:** 9/27/2024