# IN THE UNITED STATES
# COURT OF APPEALS FOR THE
# FOURTH CIRCUIT

| | |
|---|---|
| IN RE: FEDERAL ENERGY REGULATORY COMMISSION, BUILDING FOR THE FUTURE THROUGH ELECTRIC REGIONAL TRANSMISSION PLANNING AND COST ALLOCATION, 187 FERC 61,068 ISSUED MAY 13, 2024, AND DENIAL OF REHEARING BY OPERATION OF LAW AND PROVIDING FOR FURTHER CONSIDERATION, 188 FERC 62,025 JULY 15, 2024 | MCP No. 190 |

## MOTION FOR LEAVE TO INTERVENE OF
## DUQUESNE LIGHT COMPANY

Pursuant to Rules 15(d) and 26(b) of the Federal Rules of Appellate Procedure and Rule 15(d) of this Court, Duquesne Light Company ("Duquesne Light") hereby moves for leave to intervene in the above-captioned proceeding. In this proceeding, Petitioners, American Municipal Power, Inc. et al. (Petitioners) seek review of the following orders issued by Respondent, Federal Energy Regulatory Commission ("Commission"):

1. *Building for the Future Through Electric Regional Transmission Planning and Cost Allocation*, Docket No. RM21-17-000, Order No. 1920, 187 FERC ¶ 61,068 (May 13, 2024).

2. *Building for the Future Through Electric Regional Transmission Planning and Cost Allocation*, Notice of Denial of Rehearing by Operation of Law and Providing for Further Consideration, Docket No. RM21-17-001, 188 FERC ¶ 62,025 (July 15, 2024).

On August 8, 2024, the Judicial Panel on Multidistrict Litigation consolidated eleven petitions for review of Order No. 1920 and the Notice of Denial of Rehearing

1

that were filed in various Circuits in this Court pursuant to 28 U.S.C. § 2112(a)(3). The lead case in this Court is Case No. 24-1650 (L), *Appalachian Voices et al. v. FERC*. Since the August 8th Consolidation Order issued, several additional Petitions for Review of the Commission's Orders at issue have been filed including, among others, the Petition for Review filed by the National Rural Electric Cooperative Association ("NRECA") on August 21, 2024, and the Petition for Review filed by the Pennsylvania Public Utility Commission ("PA PUC") on September 10, 2024. This intervention is timely filed within 30 days of the PA PUC Petition for Review.

In support of this motion, Duquesne Light states that it was an intervener in the proceedings below. Respondent's actions in promulgating Order No. 1920 presented below may jeopardize Duquesne Light's ability to provide safe, affordable and reliable service to customers. The Court's decision in this proceeding will have a direct impact on Duquesne Light. Accordingly, Duquesne Light has a direct and substantial interest in the outcome of this proceeding, and its interests cannot be adequately represented by any other party.

Duquesne Light is a PJM Transmission Owner and owns and operates approximately 670 miles of electric transmission facilities. As a local electric transmission and distribution utility serving more than 600,000 customers in southwestern Pennsylvania, Duquesne Light is proudly committed to the customers and communities it serves. For more than a century, the Company has worked around

the clock to deliver safe, reliable and affordable electricity to our customers in Allegheny and Beaver counties.

### Position of Duquesne Light

Duquesne Light files in support of Petitioners, but for very different reasons. Duquesne Light actively participated in the proceeding below and filed two sets of comments in this rulemaking proceeding. Specifically, Duquesne Light expressed it views separately, to draw a distinction between and among transmission owners that own generation resources and those that do not and to underscore the importance of local transmission and local transmission planning in satisfying the national move toward renewable generation resources. Duquesne Light maintains its perspective that "building a new highway is worthless without the local roads necessary to access the highway."[1] Duquesne Light expressed its position with respect to four issues:

1. PJM and other RTO planning processes currently coordinate regional and local transmission planning successfully.

2. Transmission Owners successfully use existing planning processes to meet both regional and local planning needs.

3. Regional and Local Transmission are equally important to the transition of the grid to support evolving generation resources.

---

[1] See, Comments of Duquesne Light Company, Docket No. RM21-17-000, filed October 17, 2021.

3

4. The CWIP incentive supports efficient transmission development.

Various aspects of the Commission's order address each of Duquesne Light's positions. Duquesne Light's position as a transmission owner that does not own generation assets, but must provide reliable service to its distribution customers, places it in a unique position vis-a-via other transmission owning utilities. Duquesne Light seeks to ensure that its perspectives are not lost as the validity of the Commission's actions are reviewed on appeal. For these reasons, Duquesne Light's interest in this proceeding is not adequately addressed by any other party.

For the reasons stated herein, Duquesne Light respectfully requests intervenor status in this proceeding.

Respectfully submitted,

Duquesne Light Company

*/s/ Regina Y. Speed-Bost*
Regina Y. Speed-Bost

SB Law, PLLC
200 Massachusetts Ave., NW
7TH Floor
Washington, DC 20001
Tel.: (202) 963-2701
Fax: (202) 963-2709
rspeed-bost@sblawlegal.com

*Counsel for Duquesne Light Company*

September 27, 2024

4

# IN THE UNITED STATES
# COURT OF APPEALS FOR THE
# FOURTH CIRCUIT

| | |
|---|---|
| IN RE: FEDERAL ENERGY REGULATORY COMMISSION, BUILDING FOR THE FUTURE THROUGH ELECTRIC REGIONAL TRANSMISSION PLANNING AND COST ALLOCATION, 187 FERC 61,068 ISSUED MAY 13, 2024, AND DENIAL OF REHEARING BY OPERATION OF LAW AND PROVIDING FOR FURTHER CONSIDERATION, 188 FERC 62,025 JULY 15, 2024 | MCP No. 190 |

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, the undersigned, counsel of record for Duquesne Light Company ("Duquesne Light") certifies as follows:

> Duquesne Light is engaged in the transmission, distribution, and sale of electricity to retail and wholesale customers in Pennsylvania within the footprint of the PJM Interconnection, LLC regional transmission organization ("PJM RTO" or "PJM"). Duquesne Light is a Market Participant in PJM is a wholly owned subsidiary of Duquesne Light Holdings.

> In May 2007, Duquesne Light was acquired by a consortium of private equity investors. The consortium consists of several institutional investors which own all of the common equity of Duquesne Light's parent company, DQE Holdings LLC. The members of the consortium are: GIC Pte. Ltd., John Hancock Financial/PGGM Infrastructure Fund, and APG Americans Infrastructure/CalSTRS/Argo Infrastructure Partners.

1

Respectfully submitted,

*/s/ Regina Y. Speed-Bost*
Regina Y. Speed-Bost
SB Law, PLLC
200 Massachusetts Ave., NW
7th Floor
Washington, DC 20001
Tel.: (202) 963-2701
Fax: (202) 963-2709
rspeed-bost@sblawlegal.com

*Counsel for Duquesne Light Company*

September 27, 2024

2

# CERTIFICATE OF SERVICE

Pursuant to Rule 25 of the Federal Rules of Appellate Procedure, I hereby certify that I have this day served a copy of the foregoing motion by first class mail, postage prepaid, upon the Solicitor and Secretary of the Federal Energy Regulatory Commission, and upon each person designated on the official service list to the underlying proceedings, which are attached hereto, by electronic mail.

    Debbie-Anne A. Reese, Acting Secretary,
    Office of the Secretary
    Federal Energy Regulatory Commission
    888 First Street, NE
    Washington, DC 20426

    Matthew Christensen
    General Counsel
    Federal Energy Regulatory Commission
    888 First Street NE
    Washington, DC 20426

    Robert H. Solomon Solicitor
    Federal Energy Regulatory Commission
    888 First Street, NE
    Washington, DC 20426

Dated at Washington, DC this 27th day of September, 2024.

                                        Respectfully submitted,

                                      ***/s/ Regina Y. Speed-Bost***
Regina Y. Speed-Bost

SB Law, PLLC
200 Massachusetts Ave., NW
7th Floor
Washington, DC 20001
Tel.: (202) 963-2701
Fax: (202) 963-2709
rspeed-bost@sblawlegal.com

4

# CERTIFICATE OF SERVICE

Pursuant to Rules 15(c) and 25 of the Federal Rules of Appellate Procedure, and Rules 15( 1) and 25 of the Circuit Rules for the United States Court of Appeals for the District of Columbia Circuit, I hereby certify that I have this day served a true and correct copy of the foregoing documents via electronic mail or first-class mail, postage prepaid, to each person designated on the official service list maintained by the Secretary of the Federal Energy Regulatory Commission in the proceedings below and to the Respondent Federal Energy Regulatory Commission:

Debbie-Anne A. Reese, Acting Secretary,
Office of the Secretary
Federal Energy Regulatory Commission
888 First Street, NE
Washington, DC 20426

Matthew Christensen
General Counsel
Federal Energy Regulatory Commission
888 First Street NE
Washington, DC 20426

Robert H. Solomon Solicitor
Federal Energy Regulatory Commission
888 First Street, NE
Washington, DC 20426

Dated at Washington, DC this 27th day of August, 2024.