# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | 24-2163, Office of the Ohio Consumers' Counsel v. FERC |
| **Originating No. & Caption** | Docket RM21-17-000 and 001, Bldg. for the Future Through El |
| **Originating Court/Agency** | Federal Energy Regulatory Commission |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 16 U.S.C. § 825l(b) | |
| Time allowed for filing in Court of Appeals | 60 days | |
| Date of entry of order or judgment appealed | 5/13/2024 initial; 7/15/2024 reh'g | |
| Date notice of appeal or petition for review filed | 9/10/2024 | |
| If cross appeal, date first appeal filed | | |
| Date of filing any post-judgment motion | 6/12/2024 rehearing requests | |
| Date order entered disposing of any post-judgment motion | 7/15/2024 order denying reh'g | |
| Date of filing any motion to extend appeal period | | |
| Time for filing appeal extended to | | |
| Is appeal from final judgment or order? | ⦿ Yes | ○ No |
| If appeal is not from final judgment, why is order appealable? FERC's July 15, 2024 order denying rehearing by operation of law in Doicket No. RM21-17-001 rendered the May 13, 2024 order in Docket No. RM21-17-000 appealable by virtue of 16 U.S.C. § 825l(b). | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ⦿ No |

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | ● No |
| Has transcript been filed in district court? | ○ Yes | ● No |
| Is transcript order attached? | ○ Yes | ● No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | 24-1650 et al. consolidated cases | |
| Case number of any pending appeal in same case | 24-1650 et al. consolidated cases | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | Appalachian Voices et al. v. FERC | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ● No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ● Yes | ○ No |
| Does case involve question of first impression? | ○ Yes | ● No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ● No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

| **Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| FERC's Order No. 1920, issued in Docket No. RM21-17-000 et al., is a rulemaking proceeding requiring transmission providers to adopt rules for a transparent and open process for transmission planning and the allocation of the costs related to any projects built through those planning processes.  The rule requires transmission providres to participate in a Long-Term regional transmission planning process that will use long-term scenarios of 20 years, use seven identified benefits and other processes for plannig regional transmission facilities, and indentify the least cost, more effecient solutions to long-term transmission planning needs for reliability, economiic and public policy transmission projects.  The rule requires transmission providers to adopt an evaluation process that will be used to identify and evaluate potential solutions for long-term transmission needs, and develop an ex-ante process for determining how the costs of such projects will be allocated among consumers.  The rule allows, but does not require, the development of a process that would allow relevant state agencies to adopt the best approach for allocation of the costs of certain projects in their states.  The rule also requires transmission providers to develop new rules governing the interconnection of certain types of generation projects; to identify alternative transmission technologies that could serve as solutions to identified needs; and to revise local and inter-regional transmission planning processes for greater transparency for consumers. |

| **Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary) |
|---|
| 1. Whether FERC's adoption of the final rule in Order No. 1920 reforming the transmission planning and cost allocation process in a manner that unreasonably shifts costs from transmission customers to residential utility consumers:<br>    a. is arbitrary and capricious, contrary to the Administrative Procedure Act's "arbitrary and capricious" standard, 5 U.S.C. § 706(2)(A), and S.C. Pub. Serv. Auth. v. FERC, 762 F.3d 41, 54 (D.C. Cir. 2014) ("S.C. Pub. Serv. Auth.");<br>    b. fails the test for reasoned decision-making as required by FERC v. Elec. Power Supply Ass'n, 136 S. Ct. 760, 782 (2016) ("EPSA") (quoting Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto Ins. Co., 463 U.S. 29, 43 (1983)); and Neighborhood TV Co. v. FCC, 742 F.2d 629, 639 (D.C. Cir. 1984) ("Neighborhood TV Co.") (the court must be able to "discern a reasoned path from the facts and considerations before the [agency] to the decision it reached.") and<br>    c. represents an unwarranted and unexplained departure from precedent established in Order No. 1000, contrary to the requirements of Williams Gas Processing-Gulf Coast Co. v. FERC, 475 F.3d 319, 326 (D.C. Cir. 2006) ("Williams Gas Processing") (citing Brusco Tug & Barge Co. v. NLRB, 247 F.3d 273, 278 (D.C. Cir. 2001) ("[I]t is axiomatic that [agency action] must either be consistent with prior [action] or offer a reasoned basis for its departure from precedent"])?<br><br>(See attached sheet for two additional issues). |

| **Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.) ||
|---|---|
| Adverse Party: FERC | Adverse Party: |
| Attorney: Jared B. Fish<br>Address: FERC<br>    Office of General Counsel, Solicitor<br>    888 First Street, N.E.<br>    Washington, D.C. 20426 | Attorney:<br>Address: |
| E-mail: jared.fish@ferc.gov | E-mail: |
| Phone: 202-502-8101 | Phone: |
| **Adverse Parties (continued)** ||
| Adverse Party: | Adverse Party: |
| Attorney:<br>Address: | Attorney:<br>Address: |
| E-mail: | E-mail: |
| Phone: | Phone: |

| **Appellant** (Attach additional page if necessary.) | |
|---|---|
| Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |
| **Appellant (continued)** | |
| Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |

**Signature:** Denise C. Goulet    **Date:** 12/5/2024

**Counsel for:** Office of the Ohio Consumers' Counsel

**Certificate of Service** *(required for parties served outside CM/ECF)*: I certify that this document was served on _____ by ☐ personal delivery; ☐ mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown:

Signature:    Date:

Print to PDF for Filing    Reset Form

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### CASE NO. 24-2163

### ADDITIONAL PAGES TO DOCKETING STATEMENT
### LIST OF NON-BINDING STATEMENT OF ISSUES

2. Whether FERC's final rule in Order No. 1920 reforming the transmission planning and cost allocation process in a manner that weakens existing cost allocation rules in Order 1000 by disassociating the benefits of generation interconnection network upgrades from cost allocation determinations:

   a. is arbitrary and capricious contrary to the Administrative Procedure Act's "arbitrary and capricious" standard, 5 U.S.C. § 706(2)(A), and *S.C. Pub. Serv. Auth. v. FERC*, 762 F.3d 41, 54 (D.C. Cir. 2014) ("*S.C. Pub. Serv. Auth.*"); and

   b. is contrary to established court precedent that "[A]ll approved rates [must] reflect to some degree the costs actually caused by the customer who must pay them." *KN Energy, Inc. v. FERC*, 968 F.2d 1295, 1300 (D.C. Cir. 1992); *Transmission Access Policy Study Group v. FERC*, 225 F.3d 667, 708 (D.C. Cir. 2000); *Pacific Gas & Elec. Co. v. FERC*, 373 F.3d 1315, 1320-21 (D.C. Cir. 2004).

3. Whether FERC's failure to eliminate the Construction Work in Progress ("CWIP") incentive for Long Term Regional Transmission Facilities is arbitrary and capricious contrary to the Administrative Procedure Act's "arbitrary and capricious" standard, 5 U.S.C. § 706(2)(A), and *S.C. Pub. Serv. Auth. v. FERC*, 762 F.3d 41, 54 (D.C. Cir. 2014) ("*S.C. Pub. Serv. Auth.*").