# In the United States Court of Appeals for the Fourth Circuit

| | | |
|---|---|---|
| Appalachian Voices, *et al.*, | ) | |
| | ) | |
| *Petitioners*, | ) | |
| | ) | |
| v. | ) | Nos. 24-1650, 24-1748, 24-1756, |
| | ) | 24-1758, 24-1760, 24-1765, |
| Federal Energy Regulatory | ) | 24-1770, 24-1785, 24-1804, |
| Commission, | ) | 24-1857, 24-1862, 24-1867, |
| | ) | 24-1876, 24-1885, 24-1887, |
| *Respondent.* | ) | 24-1979, 24-1991, 24-2162, |
| | ) | 24-2163, 25-1073, 25-1080, |
| | ) | 25-1197, 25-1349 |
| | ) | (consolidated) |

## Consent Motion of the Federal Energy Regulatory Commission Proposing Oral Argument Format

Oral argument is scheduled in the above-captioned appeals for Tuesday, September 15, 2026. On July 20, 2026, the Court directed the parties to file "their suggestions on the most efficient format for argument." The proposal below, which addresses the criteria set forth in the Court's July 20 order, reflects the agreement of all parties.

Given the numerous issues and parties implicated in these appeals, the parties propose that the most manageable and expeditious format would be four distinct argument sessions, organized by issue "bucket." For each bucket,

1

petitioner, then respondent, then intervenor-respondent (if applicable) would present argument, followed by a petitioner rebuttal (if time is reserved).[1] Argument would then be heard in the same manner on the issues set forth in the next bucket. By contrast, a more conventional format in which all petitioners argue all issues first, followed by respondent's argument on all issues, is, the parties believe, less conducive to a clear and concise presentation of the issues that are before the Court. The parties thus suggest that holding four "mini-arguments" is the most effective way for the panel to absorb what the parties acknowledge is a wide-ranging set of issues.

| Bucket | Proposed issues for argument (corresponding to section numbers of FERC's brief) | Time allotted | Arguing Counsel *(Parties Representing)* |
| --- | --- | --- | --- |
| #1: States' issues | • Argument Parts II.A–C, III, V *(scope of FERC authority, major questions doctrine, nondelegation doctrine, and logical outgrowth issues)* | • 15 minutes per side (inclusive of rebuttal time) | **Petitioners:**<br>• Dmitri N. Rocha *(Counsel for Texas; arguing for State Petitioners)*<br>• Ben Calleros *(Counsel for Arizona Corporation Commission; arguing for State Petitioners)*<br><br>**Respondent:**<br>• Jared B. Fish *(Counsel for FERC)* |

---

[1]    Questions of a particular petitioner's standing would be argued in the corresponding bucket.

| Bucket | Proposed issues for argument (corresponding to section numbers of FERC's brief) | Time allotted | Arguing Counsel *(Parties Representing)* |
|---|---|---|---|
| #2A: Public Interest Organizations and Invenergy Petitioners' issues<br><br>------------------<br><br>#2B: Consumers' issues | • Argument Part IV.F.3–5, 7 *(reasonableness of the nationwide rulemaking)*<br><br>---------------------------------------<br><br>• Argument Part IV.G, J *(interconnection-related upgrades; Relevant State Entity process treatment of cooperatives)* | • 24 minutes per side (inclusive of rebuttal time)<br><br>• Petitioners' 24 minute block is split as follows: 12 minutes for Public Interest Organizations and Invenergy Petitioners' issues and 12 minutes for Consumers' issues | **Public Interest Organization Petitioners:**<br>• Danielle Fidler *(Counsel for Natural Resources Defense Council; arguing for Public Interest Organizations and the Invenergy Petitioners)*<br><br>----------------------------------<br><br>**Consumer Petitioners:**<br>• Randolph L. Elliott *(Counsel for National Rural Electric Cooperative Association; arguing for Consumer Petitioners)*<br><br>**Respondent:**<br>• Jared B. Fish *(Counsel for FERC)* |
| #3: Transmission Owners' issues: inclusion and consultation requirements | • Argument Part III, VI *(section 205 filing rights and First Amendment issues)* | • 20 minutes per side (inclusive of rebuttal time)<br><br>• FERC cedes 5 minutes of its 20-min. allocation to intervenor-respondent ITC Midwest LLC, which will address the necessity of long-term planning requirements and the reasonableness of Order 1920's cost-allocation framework | **Transmission Owner Petitioners:**<br>• Michelle S. Kallen *(Counsel for PPL Electric Utilities Corporation; arguing for Transmission Owner Petitioners)*<br><br>**Respondent:**<br>• Susanna Y. Chu *(Counsel for FERC)*<br><br>**Intervenor-Respondent:**<br>• Beau Carter *(Counsel for ITC Midwest LLC)* |

| Bucket | Proposed issues for argument (corresponding to section numbers of FERC's brief) | Time allotted | Arguing Counsel *(Parties Representing)* |
|---|---|---|---|
| #4: Competition Petitioners' issues: right to construct/own right-sized replacement projects | • Argument Part VII.B *(right-sized replacement project assignment)* | • 10 minutes per side (inclusive of rebuttal time) | **Competition Petitioners:**<br><br>• Steffen Johnson *(Counsel for Advanced Energy United; arguing for Advance Energy United, Electricity Transmission Competition Coalition, LS Power Grid, LLC, and Resale Power Group of Iowa)*<br><br>**Respondent:**<br><br>• Jason T. Perkins *(Counsel for FERC)* |
| | | **TOTAL ARGUMENT TIME:** 138 minutes | |

Respectfully submitted,

Robert H. Solomon
Solicitor

Susanna Y. Chu
Senior Attorney

Jason T. Perkins
Attorney

*/s/ Jared B. Fish*
Jared B. Fish
Senior Attorney

Federal Energy Regulatory
  Commission
Washington, DC  20426
Tel.:  (202) 502-8101
Email: jared.fish@ferc.gov

August 7, 2026

# CERTIFICATE OF SERVICE

In accordance with Fed. R. App. P. 25(d), I hereby certify that I have, on August 7, 2026, served the foregoing upon the counsel listed in the Service Preference Report via email through the Court's CM/ECF system.

/s/ Jared B. Fish
Jared B. Fish
Senior Attorney